785 So.2d 101 (2001)
Wesley KNOWLES, Jr., Plaintiff-Appellant
v.
McCRIGHT'S PHARMACY, INC., et al, Defendants-Appellees.
No. 34,559-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
*102 Law Offices of Jack M. Bailey, Jr. by Jack M. Bailey, Jr., J. Allen Cooper, Jr., J. Chris Miciotto, Counsel for Appellant.
Lunn, Irion, Salley, Carlisle & Gardner by Walter S. Salley, J. Martin Lattier, Counsel for Intervenor CNA Ins.
Cook, Yancey, King & Galloway by Brian A. Homza, Scott L. Zimmer, Counsel for Appellees.
Before BROWN, CARAWAY and DREW, JJ.
BROWN, J.,
Plaintiff, Wesley Knowles, Jr., appeals the trial court's grant of summary judgment in favor of defendant, McCright's Pharmacy, Inc. Finding that summary judgment was improvidently granted, we reverse and remand the matter to the trial court.

Facts
On the morning of April 26, 1996, plaintiff, Wesley Knowles, Jr., was traveling westbound on I-20 in Caddo Parish, Louisiana. David Knotts, an employee of defendant, McCright's Pharmacy, Inc., was also heading west (behind plaintiff) on I-20. Traffic was heavy that morning on the interstate, forcing plaintiff to bring his truck to a complete stop just after crossing the Red River. While so stopped, plaintiff looked in his rearview mirror and saw that Knotts had not stopped. Plaintiff then heard a "boom" and felt an impact as Knotts struck him from behind.
After the collision, Knotts had moderate damage to the rear of his vehicle and heavy damage to the front of the car. According to Knotts, the vehicle he was driving was struck violently from behind by a black pickup truck; this impact caused his vehicle to strike plaintiff's truck. Plaintiff did not see or hear a black truck strike Knotts' vehicle.
On April 25, 1997, plaintiff filed suit against Knotts, McCright's Pharmacy, Inc. (Knotts' employer and owner of the vehicle Knotts was driving at the time of the accident), American Liberty Insurance Company (McCright's Pharmacy's insurer), "Unknown and Unnamed Driver" and "XYZ Insurance Company" (which may have insured the unknown/unnamed driver), seeking damages for injuries arising out of the accident. A petition of intervention was filed by CNA Insurance Company, plaintiffs employer's workers' compensation carrier, seeking reimbursement from defendants for medical expenses and workers' compensation benefits that CNA paid on behalf of or to plaintiff. Thereafter, McCright's Pharmacy filed a motion for summary judgment, asserting that there were no material issues of fact and that they were entitled to summary judgment as a matter of law based upon the following:
Plaintiff alleges that the vehicle driven by plaintiff was struck from behind by the vehicle owned by McCright's and driven by David Knotts. The evidence, *103 however, establishes that Mr. Knotts was safely bringing his vehicle to a stop when it was unexpectedly rear-ended by another vehicle through no fault of Mr. Knotts. The Knotts vehicle was then propelled into the rear of plaintiff's vehicle, again through no fault of Mr. Knotts or McCright's.
Affidavits and depositions were submitted in support of and in opposition to the motion for summary judgment. Plaintiff also objected on the basis that McCright's Pharmacy had failed to respond to written discovery propounded to them relating to the pre-accident condition of the vehicle driven by Knotts.
A hearing was held on February 28, 2000. The trial court granted McCright's Pharmacy's motion for summary judgment, finding that the evidence was undisputed that there were three vehicles involved in the accident; that Knotts was driving the middle vehicle; and that Knotts was in the process of safely stopping when he was rear-ended by a phantom vehicle. Based upon these undisputed facts, the court further found that there was no negligence on the part of Knotts or McCright's Pharmacy. A motion for new trial filed by plaintiff was denied. Thereafter, plaintiff filed the instant appeal.

Discussion
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action except those disallowed by law. La.C.C.P. art. 966(A)(2); Robinson v. Brookshires #26, 33,713 (La.App.2d Cir.8/25/00), 769 So.2d 639; Norton v. Claiborne Electric Co-op, Inc., 31,886 (La.App.2d Cir.5/5/99), 732 So.2d 1256, writ denied, 99-1823 (La.10/01/99), 748 So.2d 454; Lee v. Wall, 31,458 (La.App.2d Cir.1/20/99), 726 So.2d 1044. The judgment sought shall be rendered only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Robinson, supra; Norton, supra.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/08/00), 775 So.2d 1049; Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226. Furthermore, as noted by the supreme court in Independent Fire Insurance Co., supra, the trial court cannot make credibility determinations on a motion for summary judgment. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence has no place in summary judgment procedure. Smith v. Lynn, 32,093 (La. App.2d Cir.08/18/99), 749 So.2d 692; Harrison v. Parker, 31,844 (La.App.2d Cir.05/05/99), 737 So.2d 160, writ denied, 99-1597 (La.09/17/99), 747 So.2d 565.
In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Inasmuch as summary judgments deprive the litigants of the opportunity to present their evidence to a jury, they should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. Independent Fire Insurance Co., supra.
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable *104 theory of recovery. Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Id.
Louisiana law requires that a motorist not follow another vehicle closer than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions and the condition of the highway. La.R.S. 32:81; Chambers v. Graybiel, 25,840 (La.App.2d Cir.06/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377. When a following vehicle rear-ends a vehicle ahead of it, the following vehicle is presumed to be at fault and must prove a lack of fault to avoid liability. Mart v. Hill, 505 So.2d 1120 (La.1987); Chambers, supra. On the other hand, when other vehicles are able to stop behind the lead vehicle, the last one which precipitates the chain reaction is negligent. Chambers, supra; Staehle v. Marino, 201 So.2d 212 (La.App. 4th Cir.1967).
Pursuant to Watson v. State Farm Fire & Casualty Insurance Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in assessing liability. The law of comparative negligence is applicable to situations involving automobile accidents. Moore v. Rowland, 32,644 (La.App.2d Cir.03/01/00), 753 So.2d 411; Petrus v. Bain, 32,231 (La. App.2d Cir.09/22/99), 742 So.2d 739; Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2d Cir.1986).
According to plaintiff, the trial court erred in granting summary judgment based upon its conclusion that there were no material issues of fact. Specifically, plaintiff urges that the existence of a phantom vehicle, contrary to the trial court's finding, is in dispute. Therefore, summary judgment was inappropriate.[1]
In support of summary judgment, McCright's Pharmacy submitted the affidavit of David Knotts, as well as the depositions of plaintiff and the investigating officer, Ron Vanni. In opposition, plaintiff submitted his deposition and an affidavit. Pertinent parts of these documents are excerpted below.
Affidavit of David Knotts:
(1) I am currently employed by McCright's Pharmacy (now known as Line Avenue Pharmacy) and have been for the past nine years.
(2) The vehicle I was driving which was involved in the accident made the basis of this suit had no damage to the rear prior to the accident.

(3) On April 26, 1996, at approximately 7:30 a.m. I was traveling westbound on Interstate 20 in Shreveport, Caddo Parish, Louisiana.
(4) While I was traveling westbound, I was aware of a pickup truck traveling directly in front of me, which I later learned to be driven by Wesley Knowles, Jr. The driver of this pickup truck abruptly applied its brakes.

(5) As I was in the process of successfully stopping behind the pickup truck driven by plaintiff, I was struck violently and unexpectedly from the rear by an older model, black, full-size Ford or Chevrolet pickup truck. The impact from being struck from behind propelled me into the rear of plaintiff's vehicle, which was directly in front of my vehicle.

(6) Sometime immediately after the impact and before I came to a complete *105 stop off of the roadway, the black pickup truck which struck me from behind and propelled me into the vehicle in front of me left the scene of the accident; therefore, I was unable to further identify the vehicle which struck me.

Deposition of Officer Ron Vanni:
Q: On April 26, 1996, did you work an accident?
A: Yes, I did.
Q: And where was that accident?
A: It was I-20 westbound approximately 200 feet east of the Spring Street exit.
* * *
Q: I looked at the report before we got here. How many vehicles were involved in this accident?

A: Three vehicles.

Q: Did you determine the drivers of the vehicles?

A: In two of the vehicles, yes.

Q: And who were they?
A: Vehicle number 1 was a hit-and-run vehicle and left the scene before I arrived. Vehicle Number 2 was driven by a David Knotts, and Vehicle Number 3 by a Wesley Knowles, Jr.

* * *
Q: Was there any damage done to Vehicle Number 2?

A: Vehicle Number 2, I have listed, it has front heavy damage and moderate damage to the rear of the vehicle.

Q: And Vehicle Number 3?

* * *
A: ... I have listed light damage to the rear of the vehicle.

* * *
Q: And Vehicle Number 3 was the vehicle operated by Mr. Knowles?
A: That's correct.
Q: Did you talk to him at the scene.
A: Yes, I did.
Q: Did he tell you that he was slowing his vehicle down when he was hit?

A: Yes.

Q: Is it possible he could have been stopped?

A: The statement that I got was he was slowing due to traffic to his front, and that's when he got hit by Vehicle Number 2 .

* * *
Q: So if he had testified that the traffic was so heavy that he almost had that he came to a short stop, you couldn't argue with that, could you?
A: No. I mean all I can do is just take a statement.
Q: Same with Driver Number 2. Is it possiblethat would be Mr. Knotts. Is that correct?
A: Yes, I believe so.
Q: Would it be possible that he could have been stopped shortly and then impacted by Vehicle Number 1?

A: Well, I believe the way the statement read was that he was slowing, slowing due to Vehicle Number 3, and he got rear-ended by Vehicle Number 1 forcing him into Vehicle Number 3.

Q: Was that statement that he gave you consistent with what you saw at the scene?
A: Yeah. I've worked numerous accidents like that in the past, so yeah, it's pretty consistent to the way a lot of them happen.
Q: Were you ever available [sic] to identify the driver of Vehicle Number 1 at all?

*106 A: No. Neither Mr. Knowles or Mr. Knotts was able to give any type of description of Vehicle Number 1. He, apparently, just took off right after the accident.

Plaintiff's Affidavit:
* * *
(2) I was involved in a motor vehicle accident on April 26, 1996, at approximately 7:30 a.m. on Interstate 20 in Shreveport, Caddo Parish, Louisiana.
(3) Traffic was heavy at the time of the wreck. The traffic in front of me was completely stopped. I was completely stopped waiting on the vehicles in front of me to move forward when I was struck from behind by an automobile, which I later learned to be owned by defendant, McCright's Pharmacy, Inc., and driven by its employee, David P. Knotts.
(4) I looked in my rear-view window immediately prior to the wreck and noticed that the vehicle directly behind me was not stopped, nor was it stopping safely behind me.

(5) The impact of the wreck was hard, knocking me to the floorboard. The impact created a noise that I can best describe as a loud "boom."
(6) I only heard and felt one impact. I did not hear two impacts. The only noise from impact that I heard was when the defendant's vehicle hit me from behind. I did not hear any impact noise prior to the wreck.

(7) At no time prior to the wreck did I see or hear a black pick-up truck strike the McCright's vehicle from behind.

(8) I did not see a black pick-up truck leave the scene of the accident.

Plaintiff's deposition:
* * *
Q: And what I was going to ask was, how was the traffic on I 20 before you crossed the Red River?
A: It was moving along but slow.... I guess twenty-five miles an hour or so. And then it came to a complete stop.
* * *
Q: As your truck is in the middle of the Red River, over the Red River, what lane were you in?
A: I think I was in the second lane from the outside.
* * *
Q: As you were on top of the river, over the river, what speed can you estimate ya'll were going?
A: Barely moving. Might pick up a little and slow up, a little speed, slow up, come to a complete stop.
Q: Was it like that all of the way up to the accident?
A: Right. I was at a complete stop though. Traffic had completely stopped on the interstate. I'm just sitting up there waiting for the traffic to move again.

Q: Was it stop and go though as soon as you were on top of the bridge? Was it stop and go from there to where the accident occurred?
A: It was stopped before I got hit. I was completely stopped.

* * *
Q: Were any cars changing lanes at all?
A: No. They couldn't. The thing was blocked.
Q: Did you ever see the car that hit you before the accident?

A: Yes. I guess I did `cause I could see it in my rear-view mirror.' When I came to a complete stop I *107 was looking in my rear-view mirror and it was a surprise hit.

* * *
Q: How long were you stopped before the impact?

A: I guess, it was probably about two to three minutes.

* * *
Q: Was there just one impact?

A: One impact. One from behind.

Q: Is that all you felt, just one impact?
A: One impact.
Q: Did you hear any screeching of brakes before the accident?

A: No.

* * *
Q: And you had not looked in the rearview mirror for how long? When was the last time you would have looked in your rear-view mirror before the impact?
A: I probably lookedbefore the impact?
Q: Yes.
A: It had beenwhen we came to the traffic jam I didn't look in the rearview mirror.
Q: But, you had seen the car that hit you some place back earlier?
A: Back earlier when the traffic was moving slow.
The above emphasized portions of the documentation submitted at the motion for summary judgment show that there are several genuine issues of material fact in dispute, such as whether there was in fact a third vehicle involved in the collision and whether plaintiff was stopped prior to the time that his vehicle was struck by Knotts. These facts are material since their resolution will necessarily determine the fault and/or liability of the parties involved in the accident. The determination of these factual issues is the province of the fact-finder and is not appropriate at this stage in the proceedings. Therefore, we find that the trial court erred in granting summary judgment.[2]

Conclusion
For the above stated reasons, the trial court's judgment is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion. Costs are assessed to defendant-appellee, McCright's Pharmacy, Inc.
NOTES
[1] Intervenor has filed a brief, urging the same argument as plaintiff.
[2] In his second assignment of error, plaintiff urges that the trial court in granting summary judgment prior to the completion of discovery. Inasmuch as we have reversed the trial court's judgment and age remanding for trial on the merits, plaintiff will be able to obtain defendant's responses to his outstanding requests.