858 So.2d 691 (2003)
Mamie JEFFERSON
v.
COOPER/T. SMITH CORPORATION, Owens-Corning Fiberglass, Inc., et al.
No. 2002-CA-2136.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2003.
Order Denying Rehearing November 14, 2003.
*692 John F. Dillon, John F. Dillon, PLC, Donni E. Young, Scott Galante, Ness, Motley, PA, New Orleans, Counsel for Plaintiffs/Appellants.
Joseph P. Tynan, Montgomery, Barnett, Brown, Read, Hammond & Mintz, L.L.P., New Orleans, Henry E. Yoes, III, Yoes
Law Firm, Lake Charles, Francine Weaker, New Orleans, Counsel for Defendant/Appellee Board of Commissioners of the Port of New Orleans.
Court Composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA R. MURRAY, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.
CANNIZZARO, JR., J.
The plaintiffs appeal from a summary judgment rendered in favor of the defendant, the Board of Commissioners of the Port of New Orleans ("Dock Board"). For the following reasons, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
Mamie Jefferson filed a petition for damages on December 8, 2000, alleging that her husband Edward Jefferson was exposed to asbestos while working as a longshoreman along the Mississippi River in New Orleans from 1946 through 1976 and, as a result, contracted mesothelioma and died on February 22,' 2000. The original petition named twelve defendants, including Mr. Jefferson's long time employer, Cooper/T. Smith Stevedoring Company ("Cooper/T.Smith"), and various manufacturers, producers, and suppliers of asbestos-containing products. On September 4, 2001, Mrs. Jefferson filed a first supplemental and amending petition, naming as additional plaintiffs Patricia J. Guerin, Jackie Jackson, Barbara Brister, Edward Jefferson, Jr., and Roslyn Jefferson, the children and granddaughter of the decedent. The amending petition also added the Dock Board as a defendant, specifically alleging:

*693 At all times relevant hereto, [the Dock Board] was a premises owner where some of Decedent's exposure occurred. The [Dock Board] had knowledge of the hazards of asbestos, knowledge of unsafe handling practices, knowledge of repacking of asbestos prdoucts (sic), notice of actual hazardous asbestos atmosphere and took no steps to warn, remedy or otherwise ascertain any safety for those on the premises.
The Dock Board subsequently filed a motion for summary judgment, seeking to be dismissed from the case. Following a hearing on the motion, the trial court rendered a written judgment on July 10, 2002, granting the motion for summary judgment and dismissing the plaintiffs' claims against the Dock Board.

STANDARD OF REVIEW AND APPLICABLE LAW
In Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 and 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230-31, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:" The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).
Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 and 99-2257 at p. 7, 755 So.2d at 230-31. See also Austin v. Abney Mills, Inc., XXXX-XXXX (La.9/04/02), 824 So.2d 1137; Randall v. Chalmette Medical Center, Inc., XXXX-XXXX (La.App. 4 Cir. 5/22/02), 819 So.2d 1129; Pierre-Ancar v. Browne-McHardy Clinic, 2000-2409 (La. App. 4 Cir. 1/16/02), 807 So.2d 344, writ denied, XXXX-XXXX (La.4/26/02), 814 So.2d 558.
In Knowles v. McCright's Pharmacy, Inc., 34,559 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, the Court stated:
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/08/00), 775 So.2d 1049; Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257
(La.02/29/00), 755 So.2d 226. Furthermore, as noted by the Supreme Court in Independent Fire Insurance Co., supra, the trial court cannot make credibility determinations on a motion for summary judgment. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence *694 has no place in summary judgment procedure. Knowles v. McCright's Pharmacy, Inc., 34,559 at p. 3, 785 So.2d at 103.
In Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, this Court discussed the standard for reviewing an appeal of a motion for summary judgment. This Court stated that "[i]n determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." Id., 99-1866 at p. 4, 772 So.2d at 830.
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992), writ not considered 613 So.2d 986 (La.1993).
Based on the foregoing, this Court must conduct a de novo review to determine whether the trial court committed error in granting summary judgment in favor of the Dock Board. In conducting the review, this Court must construe any factual inferences drawn from the evidence in favor of the plaintiffs, who are opposing the motion for summary judgment. Also, at this juncture in the proceedings, this Court cannot make any determination on the merits of the plaintiffs' claims, make any credibility determinations, or weigh the evidence.

DISCUSSION
To determine whether the trial court erred in granting the motion for summary judgment in favor of the Dock Board, this Court must determine whether any genuine issues of material fact exist.
In moving for summary judgment, the Dock Board argues that it had no direct relationship with Mr. Jefferson and therefore had no duty to protect him from the injuries he sustained as a result of his work as a longshoreman. In the absence of such a duty, the Board claims that it cannot be held liable to the plaintiffs for Mr. Jefferson's injuries and death. The Dock Board emphasizes that it had no control over the business operations of Cooper/T. Smith or the other stevedore companies, which were at all times independent contractors. Furthermore, the Dock Board claims that Cooper/T. Smith, Mr. Jefferson's employer and the lessor of the premises, was responsible for providing him with a safe work environment pursuant to La. R.S. 23:13. The Dock Board asserts that it never had care, custody or control of the asbestos or asbestos containing cargo in or on its premises.
In support of its motion, the Dock Board submitted the affidavit of J. Michael Orlesh, Jr., who worked for the Dock Board in various management capacities from 1973 to 2000. Mr. Orlesh avers that the Dock Board does not mine, manufacture, sell, distribute, supply or maintain asbestos or asbestos containing products. He further avers that the board does not design, test, evaluate, manufacture, furnish, store, handle, transport, install, supply or sell asbestos or asbestos containing products at any of its riverfront wharves at any time. Mr. Orlesh states that the discharging of the cargo from ships to the wharves, the handling of the cargo on the wharves as well as the storage of the cargo in the warehouses are all the responsibility of the stevedore companies.
The plaintiffs, on the other hand, oppose the motion for summary judgment, arguing that the Dock Board, as owner of the premises, had a duty to maintain its property to the extent that it would not pose an unreasonable risk of harm to persons on the premises, including providing adequate *695 ventilation in its warehouses. According to the plaintiffs, the Dock Board's duty arises under theories of strict liability, La. Civ.Code art. 2317[1] and negligence, La. Civ.Code art. 2322.[2]
In support of their argument, the plaintiffs offer the deposition testimony of Learther Burkhalter, William D. Schulte, Douglas Faulkner, Sr., Ernest Williams, Sr., and Duralph Hayes, longshoremen who were employed by Cooper/T. Smith and other stevedore companies along the Mississippi River during the period of Mr. Jefferson's employment as a longshoreman. Their deposition testimony indicates that the longshoremen were exposed to asbestos and asbestos containing products while working on and in the Dock Board's premises. Attached to the plaintiffs' memorandum in opposition to the Dock Board's motion for summary judgment are various exhibits, including federal regulations, documents and internal port memoranda to indicate the Dock Board knew or should have known at that time Mr. Jefferson worked as a longshoreman that asbestos posed a danger to persons on its premises. The exhibits also indicate that the Dock Board, as the landlord of the port berths, terminals, and other facilities, had the authority to refuse to allow hazardous cargo into the port and onto its premises.
After conducting a de novo review, it is clear that the following facts are not in dispute. The Dock Board is the owner of the docks, wharves and warehouses fronting the Mississippi River, on and in which Mr. Jefferson worked as a longshoreman while employed by Cooper/T. Smith from 1946 to 1976. The Dock Board leased the warehouses to Cooper/T. Smith and numerous other stevedore companies for cargo storage. In connection with his employment, Mr. Jefferson loaded, unloaded, transported, and handled asbestos and asbestos containing cargo on the Dock Board's premises. At all times, the care, custody, and control of all cargo, including any asbestos and asbestos containing products, stored on or in the Dock Board's premises remained with the various stevedore companies.
Nevertheless, as the owner or operator of a facility, the Dock Board has a duty to exercise reasonable care for the safety of persons on its premises as well as a duty to not expose such persons to unreasonable risks of injury or harm. See St. Hill v. Tabor, 542 So.2d 499, 502 (La. 1989); Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984); and Walker v. Union Oil Mill, Inc., 369 So.2d 1043, 1047 (La.1979). In view of the pleadings, answers, depositions, and affidavit, we conclude genuine issues of material fact exist as to whether the Dock Board knew or should have known of the dangers posed by asbestos at the time Mr. Jefferson was employed as a longshoreman, whether it knew or should have known that its facilities were inadequate for the *696 handling and storage of asbestos on or in its premises, and whether it could have refused such hazardous cargo. The resolution of some or all of these unresolved issues is essential to the plaintiffs' cause of action in negligence or strict liability.
Based on the foregoing, we conclude that the trial court erred in granting summary judgment in favor of the Dock Board. Therefore, we reverse the trial court's judgment and remand the case for further proceedings.
REVERSED AND REMANDED
ARMSTRONG, J., dissents.
ARMSTRONG, J., dissents.
I respectfully dissent. I would affirm the judgment of the trial court.
BAGNERIS, J., Dissents with Reasons.
BAGNERIS, J., Dissents with Reasons.
I respectfully dissent from the majority's opinion for the following reasons, in order for a plaintiff to prevail in a negligence action under La. C.C. art. 2315, a plaintiff must prove the following five elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element)." Peterson v. Doe, 94-1013 (La.App. 4 Cir.1994), 647 So.2d 1288.
It is my opinion that the defendants met their burden of proof in showing there was no genuine issue of material fact. Therefore, the burden of proof shifted to the plaintiff to show there was a genuine issue of material fact. It is my opinion that the plaintiff failed to sustain her burden of proof. Thus, it is my opinion that the trial court did not err in granting the motion for summary judgment.
Further, it is my opinion that the plaintiff's case would fall because the breach of duty was not a cause in fact of the harm sustained by the plaintiff. This prong of the duty-risk analysis, sometimes called "legal causation," has been explained as follows:
The essence of the ... inquiry is whether the risk and harm encountered by the plaintiff fall within the scope of protection of the [duty]. It is a hazard problem. Specifically, it involves a determination of whether the ... duty ... [was] designed, at least in part, to afford protection to the class of claimants of which the plaintiff is a member from the hazard [encountered]. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 488, 137 So.2d 298, 304 (1962). The finding of legal causation "requires a proximate relation between the actions of a defendant and the harm which occurs and such relation must be substantial in character." Roberts v. Benoit, 605 So.2d 1032, 1051 (La.1991), citing Sinitiere v. Lavergne, 391 So.2d 821, 825 (La.1980).
For these reasons I would affirm the trial court's ruling granting the motion for summary judgment.
APPLICATION FOR REHEARING DENIED.
The defendant, the Board of Commissioners of the Port of New Orleans, has filed an application for rehearing arguing that our decision in this case is contrary to our earlier decision in Faulkner, et al. v. The McCarty Corporation, et al., XXXX-XXXX (La.App. 4 Cir. 6/11/03), 853 So.2d 24, *697 reh. den. (La.App. 4 Cir. 9/9/03), which involved identical legal issues and identical facts. In Faulkner, supra, we affirmed the trial court's dismissal of Mr. Faulkner's suit against the Dock Board after a full trial on the merits because Mr. Faulkner failed to prove that the Dock Board had a duty to protect him from the damages he sustained as a result of working with asbestos and/or asbestos containing products. Unlike Faulkner, the trial court in this case dismissed the plaintiffs' suit against the Dock Board on a motion for summary judgment. We reiterate that our de novo review of the record in this case revealed that genuine issues of material fact exist as to whether the Dock Board knew or should have known of the dangers posed by asbestos at the time Mr. Jefferson was employed as a longshoreman, whether it knew or should have known that its facilities were inadequate for the storage and handling of asbestos on or in its premises, and whether it could have refused such cargo. Thus, the application for rehearing is denied.
ARMSTRONG, J., would grant the application for rehearing.
NOTES
[1] La. C.C. art. 2317 provides:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
[2] La. Civ.Code. Art. 2322 provides, in part:

The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise or reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.