h MICHAEL E. KIRBY, Judge.
Plaintiff, Mary Napoleon, appeals the granting of a summary judgment on the issue of liability in favor of defendants. On de novo review, we reverse and remand based upon Sections 154-2 and 154-923 of the New Orleans Code and La. C.C. art. 2323.

STATEMENT OF THE FACTS

On May 5, 1996, plaintiff was driving her 1994 Pontiac Grand Am in a southerly direction on Downman Road in New Orleans, in the right lane, when at approximately 4:45 a.m., she alleges an unidentified automobile entered her right hand lane of travel, struck her vehicle, and caused her to veer off of Downman Road. Plaintiff drove off of the road and collided with the rear of the cab of a parked 1992 Freightliner truck.
Police Officer Thaddeus Petit (“Petit”) responded to the scene of the accident, spoke with plaintiff, and completed an accident report. The Freightliner |¡>truck struck by plaintiff was the 10-wheel cab portion of the vehicle, with no trailer attached, and was parked off of the roadway.
The Freightliner vehicle was leased to Truckers Express, and was insured by Nobel Insurance, the defendants. Mr. Robert Gordon, an employee of Truckers Express, had parked the vehicle.
As a result of this collision, the plaintiff sustained a compound fracture of her right leg, which led to surgery.
Plaintiff contends that this accident was caused by the fault of defendants’ driver parking his truck where he did. Plaintiff alleges in her Petition that the driver created a public safety hazard by parking the truck near the side of the road.
The defendants filed a motion for summary judgment which was originally heard on November 3, 2000. The defendants alleged in that motion that their vehicle was not illegally parked. Plaintiff argued that defendants had violated La. R.S. 32:296, which the trial court ruled did not apply to this road, and the New Orleans Code Section 154-923, which states that stopping or parking on a sidewalk is prohibited. That motion was denied based on an existence of genuine issues of material fact.
Subsequent to further discovery, the defendants filed a motion for partial summary judgment on the issue of liability. In it they argued that plaintiff had brought forth no evidence to meet her burden of *660 proving that the defendants were the cause in fact of the accident; thus, defendants could not be liable for it.
| STATEMENT OF THE LAW
Summary judgments are reviewed de novo on appeal whereby the appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Marcades v. Cleanerama, Inc., 2002-0357, p. 3 (La.App. 4 Cir. 9/25/02), 831 So.2d 288, 289.
The burden of proof in a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial, then the movant’s burden only requires him to point out an absence of factual support for one or more essential elements. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C).
Plaintiff argues that defendants violated New Orleans Code Section 154-923 in the parking of the Freightliner. N.O.Code § 154-923, entitled “Places where stopping or parking is prohibited; no signs required” states:
(a) No person shall stop or park a vehicle or other conveyance, except when necessary to avoid conflict with other traffic or in compliance with the law or directions of a police officer or traffic control device, at any of the following places:
(1) On a sidewalk, except as otherwise permitted in this article;
[Emphasis added.]
Defendants submitted photographs and deposition testimony that the Freightliner was not parked on the “sidewalk” because the truck was parked on the grassy part of the area between the highway and the adjacent property and not on |4the paved area. Based upon this evidence the trial court granted the defendants motion for summary judgment. However, the term “sidewalk” is more broadly defined in the N.O.Code Section 154-2, states:
Sidewalk means that portion of a highway between the curblines, or the lateral lines of a highway and the adjacent property lines of a highway and the adjacent property lines, intended for the use of pedestrians.
We have reviewed the photographs in the record de novo, and according to the N.O.Code’s definition of “sidewalk,” defendants’ Freightliner was in violation of N.O.Code Section 154-923.
Alternatively, defendants argue that even if a parking violation occurred, they cannot be found liable because the stationing of their truck would not be a cause in fact of the accident. We do not agree with this interpretation of the law because La. C.C. art. 2323 states:
A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the person’s identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the *661 degree or percentage of negligence attributable to the person suffering the injury, death, or loss. [Emphasis added.]
We find the plaintiff has satisfied her burden of proof as articulated in La. C.C.P. art. 966(C), because she has noted a legal cause which may have contributed to her injury. Our review of the record shows that a genuine issue of material fact exists as to whether or not the illegal stationing of the truck | ¡^contributed to the injury of the plaintiff. Therefore, it was not proper to grant defendants’ motion for summary judgment.
For the aforementioned reasons, we reverse the granting of summary judgment and remand for further proceedings in accord with this opinion.
REVERSED AND REMANDED.