881 So.2d 792 (2004)
Meyer H. GERTLER and Marcia Gertler
v.
CITY OF NEW ORLEANS.
No. 2003-CA-2131.
Court of Appeal of Louisiana, Fourth Circuit.
September 1, 2004.
Rehearing Denied September 30, 2004.
*793 M.H. Gertler, Gertler, Gertler, Vincent & Plotkin, L.L.P., New Orleans, LA, for Plaintiff/Appellee.
Sherry S. Landry, Acting City Attorney of Orleans Parish, Evelyn F. Pugh, Chief Deputy City Attorney of Orleans Parish, Joyce G. Joseph, Deputy City Attorney of Orleans Parish, Thomas A. Robichaux, Assistant City Attorney of Orleans Parish, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS Jr.).
JAMES F. McKAY, III, Judge.
The City of New Orleans (City), Defendant/Appellant, appeals the judgment of the trial court granting Meyer H. and Marcia Gertler's (Gertlers), Plaintiff/Appellee's, motion for summary judgment. This appeal is from a suit filed by the Gertlers for recovery of ad valorem taxes paid under protest pursuant to La. R.S. 47:2110 to the City for the year beginning on January 1, 2002, and ending on December 31, 2002.
The principal issues on appeal are (1) whether the leasehold improvements taxed by the City are owned by the City or the Gertlers and (2) whether the lease contract provides that the plaintiffs pay ad valorem taxes regardless of whether they owned the improvements. In granting the motion for summary judgment for the plaintiffs, the trial court found that there was no genuine issue of material fact as to whether the City was the owner of the leasehold improvements and as to the meaning of the lease language. We disagree and reverse and remand this case for further proceedings consistent with this opinion.

*794 STATEMENT OF FACTS AND PROCEDURAL HISTORY
On May 30, 1996, the Gertlers leased Boathouse # 11, which is waterfront and underwater property in the New Orleans Municipal Yacht Harbor and owned by the City. The lease was set to expire on December 31, 2004. On November 15, 2001, the Gertlers signed a new lease for Boathouse # 11, which took effect on January 1, 2002, and is set to expire on December 31, 2030.[1]
The City assessed ad valorem taxes for leasehold improvements to Boathouse # 11 for the period between January 1, 2002 and December 31, 2002. The ad valorem taxes were in the amount of $1699.70 in taxes and an additional $850.47 in penalties and charges. On July 23, 2002, the Gertlers paid the taxes under protest pursuant to La R.S. 47:2110 and shortly thereafter filed suit.
The Gertlers filed a motion for summary judgment, and the City filed an opposition and competing motion for summary judgment. Both motions were heard on September 12, 2003. The trial court denied the City's motion and granted the Gertlers' motion. The trial court assessed that there were two pertinent questions (1) Who owned the improvements that were taxed? and (2) Did the lease contract provide that the plaintiffs pay the tax regardless of whether they owned the improvements? The lower court found that:
(1) The City, in its response to plaintiff's first request for defendant's admission of fact, judicially admitted that it owned the improvements.
(2) The lease entered into between the parties limits the lessee's obligation to pay taxes to the improvements owned by the lessee, and any ambiguity in the contract should favor the lessee.
The trial court ordered that the City reimburse the Gertlers the 2002 ad valorem taxes, interest and penalties in the full amount of $2,550.17, paid under protest, and the City brought this suspensive appeal.

STANDARD OF REVIEW
Summary judgments are reviewed de novo on appeal whereby the appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Napoleon v. ABC Ins. Co., XXXX-XXXX, p. 3 (La.App. 4 Cir. 4/07/04), 871 So.2d 658, 660 (quoting Marcades v. Cleanerama, Inc., XXXX-XXXX, p. 3 (La.App. 4 Cir. 9/25/02), 831 So.2d 288, 289.). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter *795 the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Jefferson v. Cooper/T. Smith Corp., 2002-2136, pp. 3-4 (La.App. 4 Cir.10/1/03), 858 So.2d 691, 692 (quoting Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230-31.).
Further, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Jefferson, 2002-2136 at p. 5, 858 So.2d at 693-94 (quoting Knowles v. McCright's Pharmacy, Inc., 34,559 (La.App. 2 Cir. 4/4/01), 785 So.2d 101).

DISCUSSION
The interpretation of a contract "is the determination of the common intent of the parties." La. C.C. art. 2045. When a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for a court to decide. Thus, when the parties agree that a valid contract binds them and that the material facts involved in the dispute are not contested, the contract's application to a case is a matter of law and summary judgment is appropriate. Am. Deposit Ins. Co. v. Myles, 00-2457, p. 8 (La.4/25/01), 783 So.2d 1282, 1286 (citations omitted).
Thus, as a threshold question, this Court must determine whether or not the contract is ambiguous. The City argues that the trial court did not correctly interpret the contractual clause entitled "TAXES" in the new lease contract. The clause reads:
Lessee agrees to pay, before delinquency, all property taxes on the leasehold improvements and any additions and any other property taxes due on any furniture, fixtures, equipment and other property of Lessee related to the Leasehold site.
The City argues that the clause should be interpreted to mean that the Gertlers were responsible for ad valorem taxes on all leasehold improvements on the Boathouse # 11 property before January 1, 2002, regardless of whether the Gertlers had title to those leasehold improvements on or after January 1, 2002. The Gertlers argue, and the trial court found, that the language "other property of Lessee" refers back to the whole clause, and thus, the Gertlers are only responsible for ad valorem taxes on property they had title to at the time the taxes were assessed.
This Court finds that there are two possible interpretations upon which, without further determination of intent, reasonable persons may disagree. The Gertlers and the trial court would have this Court read the contractual clause as one extended sentence, which the words "other property of Lessee" qualify to mean simply that the lessee only agrees to pay taxes on property they have title to. The City would have the Court read the contractual clause as essentially two sentences, which would read: "Lessee agrees to pay, before delinquency, all property taxes on the leasehold improvements and any additions. And, Lessee agrees to pay any other property taxes due on furniture, fixtures, equipment and other property of Lessee related to this leasehold site." The contract provides no explicit evidence definitively favoring one interpretation over the other.
In other parts of the lease contract, the terms "improvements" and "property" are more specifically defined. For example, *796 in the clause covering "ABANDONMENT", the contract, when speaking of abandoned property on lessor's property, uses narrower language which reads: "any personal property belonging to Lessee which remains on the Leased Premises." Moreover, in the clause covering "TITLE TO IMPROVEMENTS AT TERMINATION OR EXPIRATION OF LEASE", the contract again uses narrower language, noting that "the title to all improvements or construction placed on the leased site by Lessee shall, ipso facto, be vested in the City of New Orleans, without payment or compensation for the cost or value thereof." These clauses show that in other parts of the contract the City expressly defined the extent of the other party's obligations. That is, had the City wanted to remove the tax liability of the Gertlers on leasehold improvements which the City had taken possession of, the City, as in other clause of the contract, could have expressly removed liability, rather than removing the liability in an implied round-about manner.
If the language of the lease is ambiguous or susceptible to multiple interpretations, the intent of the parties must be determined and summary judgment is inappropriate. See Canal 66 P'ship v. Reynoir, XXXX-XXXX, pp. 9-10 (La.App. 4 Cir. 1/15/03), 838 So.2d 52, 55. Because the contract is ambiguous, it follows that there are issues of material fact to be resolved by the trier of fact at a trial on the merits. Boutin v. Rodrigue, 01-1235, p. 8 (La.App. 3 Cir. 2/06/02), 815 So.2d 988, 991.
Regardless of which party the trial court determines on remand to have had title to the pre-2002 leasehold improvements, the Gertlers have title to leasehold improvements made on and after January 1, 2002 and will not, by their own reasoning under Schulingkamp v. Heaton, 455 So.2d 1181 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1045 (La.1984), lose title until their lease term ends on December 31, 2030. The trial court's reasons for judgment were not clear as to whether it agreed with the Gertler's determination that they, the Gertlers, need not pay taxes on improvements to the immovable property, if the City had title to this immovable property. On remand, the trial court should expressly state its position.
Although, the City advances multiple assignments of error arguing that the trial court committed manifest error, we have determined that summary judgment is inappropriate in this matter; therefore, we decline to address these arguments as the matter is remanded to the trial court for further adjudication.
Accordingly, for the above and foregoing reasons we reverse the judgment of the trial court, vacate its judgment and remand the matter for further determinations consistent with this opinion.
REVERSED, VACATED AND REMANDED.
NOTES
[1] An ordinance of the City of New Orleans (Ordinance # 20339 Mayor Counsel Series) determined that "whereas, it is necessary to do practical comprehensive planning for the future of the Municipal Yacht Harbor due to these various leases," it is necessary "to provide for a new lease agreement that better fit the needs of the Municipal Yacht Harbor." The City, thus, forced the existing lease owners to sign a new lease by November of 2001 or loose their lease when their previous lease expired.