JOY COSSICH LOBRANO, Judge.
| jPIaintiff, South Peters Plaza, Inc. (“SPPI”), appeals two summary judgments in favor of defendant, P.J. Inc. For reasons that follow, we reverse both judgments and remand this matter to the trial court for further proceedings.
This case stems from a commercial property lease signed on May 2, 2000. The record contains two differing copies of the lease, both signed on May 2, 2000. One copy includes a handwritten provision regarding the lessee’s right of refusal to purchase the property, and the other copy does not include this provision. According to the lease, P.J., Inc. leased to SPPI the property located at 941 Decatur. Street in New Orleans, Louisiana. The initial term of the lease was for five years, beginning *540 on May 1, 2000. Included in the lease is a provision stating as follows:
Lessee is granted the option to. renew this lease for an additional five year period. This option must be executed at lease ninety (90) days prior to the expiration of the primary term of this lease. Lessee has the 1st right of refusal for the option of additional five (5) years.
Prior to the expiration of the initial lease term at the end of April 2005, the lessee, SPPI, exercised its option to renew the lease for an additional five years, or until the end of April 2010. While the parties agree that the lease allowed SPPI the |2option to renew the lease for an additional five year term following the initial five year term, the parties dispute whether or not the above-quoted provision in the lease allowed SPPI the option to renew the lease for a second five year extension, after the first extension expired at the end of April 2010.
On April 28, 2010, prior to the expiration of the five year extension of the lease that commenced in May 2005, SPPI filed a petition for damages against P.J., Inc. and others allegedly authorized to act on behalf of that corporation, including William Co-lacurcio, Jr., the Succession of William Co-lacurcio, III, William Colacurcio, IV, Kristi Rae Colacurcio and Jimmette C. Colacur-cio. The petition also asked for “recognition of right of first refusal, for enforcement of lease rights and options and for other legal and equitable relief, including concursus and the right to make payment to the registry of the court.” In the petition, SPPI alleges that it gave P.J., Inc., and its affiliated members, timely and adequate notice of its desire to exercise the five year option period from May 1, 2010 through April 30, 2015. Because of its allegation that title to the property at issue is contested and is the subject of litigation in succession proceedings involving the defendants, SPPI requested a court order allowing it to deposit its monthly lease payment of $9,500.00, due on May 1, 2010, into the registry of the court. The trial court issued an order on April 28, 2010 allowing SPPI to deposit monthly lease payments of $9,500.00 into the registry of the court starting with the payment due On May 1, 2010 and continuing thereafter until further orders of the court.
|.sOn June 10, 2010, P.J. Inc. and the other defendants named in SPPI’s petition answered the petition and asserted a re-conventional demand against SPPI, which included, among other items, a request for the trial court to issue an Order of Possession, ordering SPPI to immediately surrender possession of the property at issue to P.J., Inc. On September 8, 2010, P.J. Inc. and SPPI entered into a consent judgment in which the parties agreed that SPPI was to immediately surrender and deliver possession of the property at issue to P.J., Inc., but that SPPI and the Succession defendants were reserving “all other claims, demands, defenses, disputes and/or issues asserted in either the SPPI Petition or the Reconventional Demand other than those issues pertaining to the Eviction Rule, specifically including but not limited to any and all claims for damages for breach of the Lease and/or past due rent.”
On November 22, 2010, P.J., Inc. filed a motion for summary judgment against SPPI, requesting the following relief:
1) Five months of rent at $9,500.00 per month, for a total of $47,500.00;
2) Four months and eight days of “hold over rent” at $47,500.00 per month or $1,583.33' per day (less a credit for the $9,500.00 in the registry of the court), for a total of $193,166.64;
3) Attorney’s fees of 10% of the asserted claim, for a total of $25,016.66; and
*541 4) An order disbursing to P.J., Inc. the $9,500.00 previously deposited into the registry of the court.
In its memorandum in support of the motion for summary judgment, P.J., Inc. argued it was entitled to summary judgment because there is no genuine issue of material fact to dispute that SPPI failed to pay rent for a period of five months |4during the existence of the lease, and that SPPI maintained possession of the property without P.J., Inc.’s consent and after termination of the lease from May 1, 2010 until September 8, 2010. Because of these allegedly undisputed facts, P.J., Inc. argued that the terms of the lease between the parties entitles it to payment by SPPI of back rent, “hold over rent” and attorney’s fees as set forth in its motion for summary judgment. SPPI filed a memorandum in opposition to P.J., Inc.’s motion, arguing that summary judgment is not appropriate in this matter because genuine issues of material fact still exist regarding several matters, including the validity of the lease at issue, P.J., Inc.’s alleged violation of certain terms of the lease, and allegedly ambiguous and seemingly contradictory provisions of the lease.
Following a hearing, the trial court rendered judgment on February 24, 2011, granting in part and denying in part P.J., Inc.’s motion for summary judgment. The trial court granted the motion in part as to P.J., Inc.’s claim for “hold over rent” and attorney’s fees, ordering SPPI to pay to P.J., Inc. $202,666.64, representing “hold over rent” for the period of May 1, 2010 through September 8, 2010, $20,266.66, representing 10% of the amount awarded as attorney’s fees, and judicial interest on the amounts awarded for “hold over rent” from the date of judicial demand until paid and upon the attorney’s fee award from the date of judgment until paid. The trial court further ordered that upon this judgment becoming final and non-appealable by suspensive appeal, the Clerk of Court [of Civil District Court for Orleans Parish] is directed to release and pay to P.J., Inc. the amount of $9,500.00, plus any accrued interest thereon, previously deposited | ñinto the registry of the court by SPPI, with such amount to be credited against the amounts awarded above. The trial court denied the motion for summary judgment in all other respects. SPPI filed a motion for new trial from the trial court’s partial granting of P.J., Inc.’s motion for summary judgment. The trial court denied the motion for new trial.
SPPI filed a writ application in this Court, seeking review of the trial court’s February 24, 2011 judgment, granting in part P.J., Inc.’s motion for summary judgment and awarding “hold over rent” and attorney’s fees to P.J., Inc. On July 8, 2011, this Court denied SPPI’s writ application, stating in part: “Pursuant to our de novo review, we affirm the judgment of the district court granting in part the motion for summary judgment of the Respondent, P.J., Inc.”
On July 28, 2011, P.J., Inc. filed a renewed motion for summary judgment, arguing that there is no genuine issue of material fact in dispute and that it is entitled to entry of summary judgment against SPPI awarding it the amount of $52,250, representing five months of rent at $9,500.00, or $47,500.00, and attorney’s fees of 10% of the asserted claim, or $4,750.00. SPPI filed an opposition to the renewed motion for summary judgment, arguing that P.J., Inc. did not present any evidence to establish that SPPI failed to tender the rental payments under the lease and also failed to establish that it fulfilled the lease requirements to provide SPPI with a five day written, notice and opportunity to cure for its alleged failure to pay the rent. With regard to the latter *542 argument, SPPI refers to the following provision of the lease:
IfiShould the Lessee at any time violate any of the conditions of this lease, or discontinue the use of premises for the purpose for which they are rented, or fail to pay the rent, water bill, or other expenses assumed under this lease, punctually at maturity, as stipulated; or upon the adjudication of Lessee in bankruptcy, the appointment of a receiver for Lessee, or the filing of a bankruptcy, receivership or respite petition by the Lessee; or upon Lessor’s suspension, failure or insolvency; and should such violation continue for a period of five (5) days after written notice has been given Lessee, then, at the option of the Lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and Lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past due installments only, reserving its right to later proceed for the remaining installments, all without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises. Should an Agent or Attorney be employed to give special attention to the enforcement or protection of any claim of Lessor arising from this lease, Lessee shall pay, as fees and compensation to such Agent or Attorney an additional sum of ten per cent of the amount of such claim, the minimum fee, however, to be $25.00, or if the claim be not for money, then such sum as will constitute a reasonable fee, together with all costs, charges and expenses.
On October 25, 2011, the trial court rendered judgment granting P.J., Inc.’s renewed motion for summary judgment. The court cast SPPI in judgment for $52,250, comprised of five months of rent at $9,500.00 per month, totaling $47,500.00, and attorney’s fees of 10% of $47,500.00, totaling $4,750, plus interest from the date of judicial demand until paid and all costs of these proceedings. SPPI now appeals the trial court’s judgments of February 24, 2011 and October 25, 2011.
|7On appeal, SPPI argues that the trial court erred in granting partial summary judgment to P.J., Inc. in its February 24, 2011 judgment, and in granting summary judgment to P.J., Inc. in its October 25, 2011 judgment. SPPI sets forth seven assignments of error, listed as follows:
1) The district court erred in granting summary judgment as P.J., Inc. failed to provide SPPI with the required written notice and opportunity to cure each and every alleged breach of the lease agreement by SPPI as required and mandated by the lease agreement;
2) The district court erred in calculating the amount of “hold over rent” to be awarded to P.J., Inc.;
3) The district court erred in granting summary judgment as P.J., Inc. breached the right of first refusal to purchase the property contained in the lease that inured to the benefit of SPPI;
4) The district court erred in granting summary judgment because the lease agreement was invalid because it was executed by an individual who had no authority to bind P.J., Inc.;
5) The district court erred in awarding attorney’s fees to P.J., Inc. because P.J., Inc. failed to present sufficient evidence, as required by the Louisiana Code of Civil Procedure and/or Rule 1.5 of the Rules of Professional Conduct, to establish its entitlement *543 to the amount of attorney’s fees it claimed in its motion for summary judgment;
6) The district court erred in granting summary judgment because the lease contains a second five year option that must be fully litigated and decided before any amount of “hold over rent” can be awarded or determined; and
7) The district court erred in granting summary judgment and awarding “hold over rent” to P.J., Inc. as the amount of “hold over rent” in the lease violates Louisiana law.
An appellate court reviews summary judgments de novo, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if |sany, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). “The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). As to the burden of proof on a motion for summary judgment, La. C.C.P. art. 966(C)(2), provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
SPPI pled in its petition its entitlement to a second five year option to renew the lease, and reserved its rights, in the consent judgment, to challenge claims for damages against it for breach of the lease and/or past due rent. Because we find the section of the lease containing the alleged second five year option to be ambiguous, we conclude that summary judgment was not appropriate in this case. See Gertler v. City of New Orleans, 03-2131, p. 6 (La.App. 4 Cir. 9/1/04), 881 So.2d 792, 796; Canal 66 P’ship v. Reynoir, 02-0355, pp. 9-10 (La.App. 4 Cir. 1/15/03), 838 So.2d 52, 55. Furthermore, as for the issue of back rent, we find that genuine issues of fact remain regarding the lease provision requiring P.J. Inc. to give SPPI five day written notice and opportunity to cure any lease violations.
| nWith regard to this Court’s writ disposition affirming the trial court’s February 24, 2011 granting in part of P.J., Inc.’s motion for summary judgment, we note that the law of the case doctrine requires that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. See New Orleans Redevelopment Authority v. Lucas, 02-2344, p. 14 (La.App. 4 Cir. 8/25/04), 881 So.2d 1246, 1254, citing Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). However, reconsideration is allowed in the case of palpable former error. Id. In this case, given our finding of ambiguity in the lease provision regarding the second five *544 year option alleged by SPPI, we find palpable error in the former decision of this court affirming the February 24, 2011 trial court judgment granting in part P.J., Inc.’s motion for summary judgment.
Because we have determined that summary judgment was inappropriate in this case in that genuine issues of material fact remain, _we need not address the remaining arguments raised by SPPI in its appeal brief. Accordingly, we reverse the summary judgments of February 24, 2011 and October 25, 2011, and remand this matter for further proceedings.
REVERSED AND REMANDED