831 So.2d 288 (2002)
Terry MARCADES,
v.
The CLEANERAMA, INC. and Carden Company LLC.
No. 2002-CA-0357.
Court of Appeal of Louisiana, Fourth Circuit.
September 25, 2002.
Harry E. Forst, New Orleans, LA, for Plaintiff/Appellant.
George L. Lamarca, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY).
Judge MICHAEL E. KIRBY.
Plaintiff, Terry Marcades, appeals the granting of a motion for summary judgment, which dismisses one of the defendants, the lessor, Carden Company, L.L.C. Because of provisions in the lease which state lessee assumes all responsibility for damages caused by the leased premises and because plaintiff cannot meet his burden under La. C.C.P. art. 966(C) and La. R.S. 9:3221, we affirm.

STATEMENT OF THE FACTS
On February 26, 1998, the plaintiff, Terry Marcades, was washing a comforter at the Cleanerama in Metairie. He was using the large washing machines located in the back of the business. To get to this area, a narrow, poorly lit hallway must be traversed. While traversing this hallway with a cup of softener in his hand, Mr. Marcades slipped and fell. After his fall, Mr. Marcades alleges that his pants were soaking with water from what appeared to be a puddle on the floor.
Mr. Marcades injured his back and neck in the fall. He has had neck surgery and has a herniated disc in his back, which may also have to be operated on.
Plaintiff filed suit on February 23, 1999, against the lessee, Cleanerama, and Carden, L.L.C., the lessor, for injuries he sustained in a slip and fall. On February 9, 2001, defendant, Carden, filed a motion for summary judgment with attachments alleging that they did not know about any defects in their property and were never advised of any defects by the lessee. This was substantiated by deposition testimony, in which the lessee stated they had not had occasion to complain to the lessor about conditions of the premises and regarding *289 water leaking or anything like that. Plaintiff filed an opposition to said motion.
The trial court conducted a hearing and granted the motion for summary judgment. The plaintiff moved for a new trial because at the original hearing the court expressed concerns that the owners had never received notice of defects from the lessees.
Plaintiff's motion for new trial was heard and denied on June 1, 2001. Plaintiff filed a timely motion for appeal.

STATEMENT OF THE LAW
The standard of appellate review for summary judgments is de novo. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991).
The test for whether or not summary judgment was properly granted in this case is found in Code of Civil Procedure art. 966(C), which states:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Here, we must ask whether there is any genuine issue of material fact concerning liability of a lessor. La. R.S. 9:3221, which is entitled, "Assumption of responsibility by lessee; liability of owner," states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
At first blush there appears to be two factual inquiries: first, was there a defect in the owner's property; second, did the owner know or should he have known of said defect.
In their motion for summary judgment, the defendant/lessor, points to the deposition of the lessee in the record, Mr. Chin. Mr. Chin stated that the toilet had no "leaks" and that he never reported a complaint to the lessor about any defect concerning the toilet or the plumbing. This is evidence that supports a finding that there is no genuine issue of material fact in question.
According to La. C.C.P. art. 966(C), since the lessor is not the movant, and since he has pointed to an essential element in the claim of the plaintiff for which there may not exist a genuine question of material fact, i.e. whether the exception to La. R.S. 9:3221 is met, the burden shifts to the plaintiff to produce some evidence that he can meet his burden of proof at trial. The only evidence plaintiff can point to is his testimony that there was water on the floor. Nevertheless, this does not prove a defect for which a lessor would be liable or *290 that the lessor knew or should have known of an alleged defect.
Since we find no evidence in the record that plaintiff can meet his burden of proving liability on the part of the lessor at trial, i.e. that lessor knew or should have known of the alleged defect, we affirm the trial court's ruling.
AFFIRMED.