J^MOON LANDRIEU, Judge Pro Tempore.
Statement Of The Case
Linda Raines, the appellant/plaintiff, seeks damages against Colley Properties, L.L.C., and its insurer[1] for injuries resulting from her fall on a stairwell at her place of employment. On May 21, 2003, Colley Properties[2] filed, a motion for summary judgment. On June 18, 2003, Ms. Raines filed an opposition to the motion for summary judgment..
On June 20, 2003, the trial court heard the exception and motion. On July 9, 2003, the trial court signed a judgment granting the motion for summary judgment on the grounds that Colley Properties, the owner and lessor of the warehouse, did not have sufficient notice of the defect in the handrail before Ms. Raines’ accident.
For the following reasons, we affirm the judgment of the trial court.
Statement Of The Facts
On May 15, 2001, Colley Properties purchased a warehouse located at 1121 S. Claiborne Avenue in New Orleans from Earhart Properties, L.L.C. At the time 1 ¡>of the purchase,.P.A. Menard, a food service business that employed Ms. Raines, leased a portion of the warehouse from Earhart Properties. With the purchase of the warehouse, Colley Properties assumed the rights and obligations under that lease, including an indemnity/ hold harmless clause that stated:
HOLD HARMLESS AGREEMENT: Lessee [P.A. Menard] shall indemnify, defend, and save Lessor [Colley Properties] harmless from and against any and all liability, penalties, causes of action, claims or judgments for death, injury or damages to persons or property during the term of this lease, while on or arising out of the use, occupation, management or control of the Leased Premises, or any act of .operation thereof, or growing out of demolition, construction, alter■nation or repair of any building thereon *539 in any case, except for any liability, claim or cause of action resulting from the gross, actionable negligence of the Lessor or due to Lessor’s willful acts. Lessees shall and will, at its own expense, defend any and all suits that may be brought against Lessor or any of them.
On August 2, 2001, the day of the accident, Ms. Raines was working in P.A. Me-nard’s leased portion of the warehouse when she fell in a stairwell due to a broken handrail. Ms. Raines testified in her deposition that she told her supervisors at P.A. Menard about the broken handrail prior to her accident but that she did not recall speaking with Mr. Menard or Mr. Colley about the issue until after the accident. Ms. Raines also conceded that no employee of Colley Properties occupied or used the building until several months after her accident.
Mr. Colley stated in his affidavit that P.A. Menard had occupied a portion of the warehouse since 1997 and that the hold harmless clause in the lease was the primary reason he allowed P.A. Menard to remain a tenant despite the condition of the warehouse. Mr. Colley also stated in his affidavit that neither Earhart Properties nor Mr. Menard notified him of a broken handrail at the time of purchase and that he was not aware of or made aware of the broken handrail until after Ms. Raines’ accident. Immediately after being made aware of the broken 13handrail, Colley Properties had the handrail repaired. Lastly, Mr. Colley confirmed that none of the employees of Colley Properties used or occupied the warehouse until after January 1, 2002.
Discussion
Ms. Raines claims that the trial court erred in granting summary judgment in favor of Colley Properties as the lessor of the warehouse in which Ms. Raines worked. Ms. Raines argues that Colley Properties failed to exercise reasonable care in discovering and preventing damage from vices or defects in the warehouse and that notice of the defect was not required. Ms. Raines relies on La. C.C. art. 2322, which states:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Colley Properties argues that the more general analysis of lessor liability urged by Ms. Raines is not applicable to the facts of the instant case. That is, the more specific hold harmless clause in the lease with Ms. Raines’ employer transferred liability from Colley Properties to P.A. Menard, and La. R.S. 9:3221 insulates Colley Properties from liability based on lack of knowledge and lack of notice of the allegedly broken handrail. La. R.S. 9:3221 states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
*540 |4Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. The test for whether or not summary judgment was properly granted in this case is found in Code of Civil Procedure art. 966(C), which states:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
We find that there is no genuine issue of material fact: Ms. Raines alleged that the handrail was broken; and after reporting her accident to Colley Properties, the handrail was repaired. In addition, we find that the indemnity/hold harmless clause transferred responsibility for the condition of the warehouse from Colley Properties as the lessor to P.A. Menard as the lessee. Colley Properties would not be liable unless Ms. Raines could show that Colley Properties knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time. La. R.S. 9:3221; see Marcades v. Cleanerama, Inc., 2002-0357, p. 3 (La.App. 4 Cir. 9/25/02), 831 So.2d 288, 289.
In his affidavit and deposition testimony, Mr. Colley claimed that Colley Properties did not occupy the warehouse and was not aware of and was not made | Raware of the broken handrail until after the accident. In her deposition testimony, Ms. Raines admits that she did not make Colley Properties aware of the broken handrail until after her accident. At most, Ms. Raines testified that Colley Properties purchased the warehouse three months before her accident and that such purchase must have involved inspections of the warehouse for defects. Mr. Colley, however, testified that he was not aware of or made aware of any defect in the handrail until after the accident.
We find no evidence in the record that Ms. Raines can meet her burden of proving liability on the part of Colley Properties at trial. Ms. Raines cannot prove a defect for which Colley Properties, as a lessor, would be liable or that Colley Properties knew or should have known of an alleged defect in the handrail.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.

. On August 12, 2001, Ms. Raines filed her original petition for damages, naming B & F Special Risk Insurance Company as the insurer of the defendant Eugene Colley, d/b/a E.C. Colley Warehouse. On November 22, 2002, Ms. Raines filed an amended petition naming the General Star Management Company as the defendant's insurer. In his answer, Mr. Colley clarified the name of the insurer as General Star Indemnity Company.

. Through discovery, Mr. Colley showed that Colley Properties, L.L.C., was the owner of the E.C. Colley Warehouse, and Ms. Raines conceded that there was no right of action against Mr. Colley in his personal capacity. On July 1, 2003, Ms. Raines filed a second amended petition for damages, naming Colley Properties, L.L.C., as a defendant.