974 So.2d 721 (2007)
Robin WASHINGTON,
v.
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY.
No. 2007-CA-0680.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2007.
*723 V. Katharine Crumby-Nance, S. Bradley Rhorer, Rhorer Law Firm, Baton Rouge, LA, for Plaintiff/Appellee.
Amy Groves Lowe, Taylor, Porter, Brooks & Phillips, L.L.P., Baton Rouge, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
In this dispute over life insurance benefits resulting from the death of Plaintiff's adult daughter, Defendant, Colonial Life & Accident Insurance Company ("Colonial"), appeals the judgment of the trial court, which granted Summary Judgment in favor of the Plaintiff, Robin Washington ("Washington"), and denied Colonial's Cross Motion for Summary Judgment. Washington also appeals the judgment insofar as the trial court failed to award penalties for Colonial's alleged arbitrary and capricious denial of benefits. We affirm the trial court's judgment.
Relevant Facts
Sandra Collette ("Sandra") gave birth to Samantha Collette ("Samantha") on June 5, 1986. Although Robin Washington did not sign her birth certificate and is not listed as her father on the birth certificate, he was Samantha's biological father. Washington admits that throughout her lifetime, he had very little contact with Samantha, he never lived with her, and he did not support her financially. In 1998, Washington gave up his parental rights to Samantha when Sandra's husband, Allen Washington, adopted her. Tragically, Samantha was killed in an automobile accident in February 2003.
Soon after Samantha's death, Washington filed a claim with Colonial for life insurance benefits pursuant to a policy that he obtained on November 8, 1991, when Samantha was only five years old. In the policy, Washington listed Samantha in the Dependent Child Rider Section. The policy defines "insured child" as the Insured's natural child, stepchild, or legally adopted child who, on the day the rider is issued: 1) is living in a regular parent-child relationship; 2) is under the age of 19; and 3) is unmarried. This policy also contains an incontestability clause that provides, "We (Colonial) cannot contest this policy after it has been in effect during the lifetime of the insured for two years from the issue date." Washington regularly paid the premiums on the policy until the time of Samantha's death.
Despite the two year incontestability clause contained in the policy, Colonial denied Washington's claim for benefits on the basis that he was not living in a regular parent-child relationship with Samantha *724 when the policy was issued twelve years earlier. In October 2003, Washington filed suit against Colonial for the benefits. In September 2006, Washington filed a Motion for Summary Judgment arguing that the incontestability clause barred Colonial from contesting the policy and that Colonial's denial of the claim was arbitrary and capricious. Colonial filed a cross motion for Summary Judgment requesting dismissal of Washington's claims. The trial court granted. Washington's Motion for Summary Judgment, but found that Colonial did not act arbitrarily or capriciously in denying the claims. The court denied Colonial's Motion for Summary Judgment. This appeal followed.
Law and Argument
In its appeal, Colonial argues that the trial court erred in holding: that the incontestability clause in the policy required coverage; that Colonial should have discovered Washington's alleged misrepresentation prior to the time that he made a claim under the Children's Rider; and that Washington was entitled to benefits under the policy. Conversely, Washington argues that Colonial is barred from contesting the policy due to the two year incontestability clause. Washington asserts that he is entitled to benefits under the policy as well as penalties for Colonial's arbitrary and capricious failure to pay his claim.
Summary judgments are reviewed de novo on appeal whereby the appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Marcades v. Cleanerama, Inc., 02-0357, p. 3 (La.App. 4 Cir. 9/25/02), 831 So.2d 288, 289.
Colonial argues that Washington is not entitled to benefits under the policy because he was not living in a regular parent-child relationship with Samantha on the date the policy was issued, as the policy clearly requires, and that this was a material misrepresentation on the part of Washington. In response, Washington argues that he made no representations whatsoever to Colonial regarding the character of his relationship with Samantha and that the policy only requests the name, the relationship, the date of birth, and the health condition of the persons listed. Washington further argues that the policy does not define "regular parent-child" relationship and that the term is therefore ambiguous and should be construed in his favor. We agree with Washington. If Colonial had intended the term "regular parent-child relationship" to mean a relationship whereby the parent is actually living with the child, or supporting her financially, then the term should have been expressly defined in the policy. When an insurance policy provision is ambiguous, it must be construed against the drafter. See La. Civ.Code art. 2056. Therefore, we find that Washington did not intentionally misrepresent his relationship with Samantha and that the trial court was correct in finding that Mr. Washington was entitled to benefits under the policy.
Colonial further argues that the trial court erred in finding that Colonial should have discovered Washington's misrepresentation prior to his submission of the claim for benefits. Here, Colonial has mischaracterized the trial court's holding. What the trial court actually held was that "it was incumbent upon the company [Colonial] to determine that [the facts surrounding the relationship] prior to the lapsing of those two years." The trial court did not find that Washington made a misrepresentation in the application process.
*725 The trial court was correct in holding that Colonial bore the burden of timely contesting the policyin this case, by November 1993and that it was barred from later contesting the claim. Louisiana law does not permit an insurer to contest a policy after the incontestability period, unless allowing coverage would extend the risk beyond that contemplated by the insurer when the policy was written. See Jackson v. Continental Casualty Co., 412 So.2d 1364 (La.1982). Colonial did not investigate the character of Washington's relationship with Samantha and did not seek to contest Samantha's eligibility as a dependent child until after Washington made the claim for benefits. Nevertheless, Colonial argues that allowing coverage to Washington in this case would extend the risk beyond that which was contemplated.
In support of this argument, Colonial offers actuarial data indicating that children of single-parent households have higher mortality rates that children living in two parent households. However, this argument fails because the policy does not require that two parents be living with the child, just that the parent is living in a regular parent-child relationship with the child. Colonial had two years from the date the policy was issued to investigate the character of the relationship between Washington and Samantha and contest her eligibility as a dependent child under the policy. It did not do so. Accordingly, we find that the trial court was correct in holding that Colonial was barred from disputing the policy by the two year incontestability clause.
In his cross-appeal, Washington argues that the trial court erred in failing to award penalties and attorney's fees for Colonial's arbitrary and capricious denial of his claim. Penalties and attorney's fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. Reed v. State Farm Mut. Auto Ins. Co., 03-0107, p. 13 (La.10/21/03), 857 So.2d 1012, 1020. The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Rudloff v. Louisiana Health Services and Indemnity Co., 385 So.2d 767, 771 (La.1979), on rehearing. Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action, which in the instant case was after Samantha's death when Washington was unable to produce Samantha's death certificate. See Scott v. Insurance Company of North America, 485 So.2d 50, 52 (La.1986). Because the question is essentially a factual issue, the trial court's finding should not be disturbed on appeal absent manifest error. Id. However, when the record does not support the trial court's determination on this issue, the trial court's decision will be reversed. See Darby v. Safeco Insurance Company of America, 545 So.2d 1022, 1028 (La.1989) (An insurer's refusal to tender policy limits pending a legal decision on possible intentional misrepresentation by insured was not unreasonable or without probable cause; a jury's finding to the contrary was clearly wrong.).
In this case, the trial court determined that Colonial did not deny the claim without probable cause and that Colonial's objection to the qualified insured child provision was reasonable under the circumstances. After an investigation, Colonial discovered that Washington had never lived with Samantha and that he had given up his parental rights to her by Sandra's husband to adopt her. Therefore, it had a reasonable basis to *726 deny the claim based on its belief that Washington had materially misrepresented his relationship with Samantha and that Washington was not entitled to benefits under the policy. Because the record supports the trial court's finding on this issue, we cannot say that the trial court was manifestly erroneous in failing to award penalties in this case. Therefore, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.