753 So.2d 411 (2000)
Arthur MOORE, Plaintiff-Appellee,
v.
Jacqueline ROWLAND, et al., Defendant-Appellant.
No. 32,644-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*412 Hicks & Hubley by Christopher Joffrion, Shreveport, Counsel for Appellant.
E. Charles Jacob, Springhill, Counsel for Appellee.
Before NORRIS, C.J., and WILLIAMS and DREW, JJ.
WILLIAMS, Judge.
The defendants, Jacqueline Rowland, Robert Dison and Southern Farm Bureau Casualty Insurance Company ("Farm Bureau"), appeal a judgment in favor of the plaintiff, Arthur Moore. The trial court found that Dison was solely at fault in causing the accident and awarded plaintiff damages, statutory penalties and attorney fees. For the following reasons, we reverse in part, amend and affirm as amended.

FACTS
On September 2, 1997, Robert Dison, who was driving an automobile owned by Jacqueline Rowland, was traveling on First Street in Springhill, Louisiana. Arthur Moore was driving his vehicle in the same direction some distance behind Dison. The street has a single lane of travel in each direction with angled parking spaces along both sides of the roadway. Dison began to make a left turn in order to park in a space on the opposite side of the street and he was struck from behind by Moore's vehicle. A Springhill police officer *413 investigated the accident scene and issued a citation to Dison for an improper turn, a violation of LSA-R.S. 32:79.
Approximately two to three weeks after the accident, Moore reported his claim for property damage to Farm Bureau, the insurer of the vehicle driven by Dison, and delivered an estimate of his repair cost. After investigating the claim, Farm Bureau determined that Dison was not solely at fault in causing the accident. The insurer offered to discuss a compromise of Moore's damage claim based on his alleged comparative fault, but the parties were unable to reach a settlement. The plaintiff, Arthur Moore, filed a petition for damages against the defendants, Jacqueline Rowland, Robert Dison, and Farm Bureau.
Subsequently, the trial court issued its written reasons for judgment, finding that Dison's negligence was the sole cause of the accident, and that LSA-R.S. 22:658(A)(3) is applicable to plaintiff's third party claim. The court rendered judgment awarding plaintiff $3,300 for property damage and assessing a penalty of $1,000, plus attorney fees of $2,054 for the insurer's arbitrary and capricious failure to provide alternative transportation to plaintiff. The trial court also assessed Farm Bureau with a penalty of $6,600, twice the amount of plaintiff's actual loss, finding that the insurer acted arbitrarily in failing to perform loss adjustment proceedings within 14 days of notification by claimant. The defendants appeal the judgment.

DISCUSSION

Liability
The defendants contend the trial court erred in assessing Dison with 100% fault in causing the accident. Defendants argue that the plaintiff was primarily at fault for failing to keep a proper lookout.
A court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Louisiana law requires a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic conditions. LSA-R.S. 32:81; Chambers v. Graybiel, 25,840 (La.App.2d Cir.6/22/94), 639 So.2d 361. When a following vehicle collides with a preceding automobile, the following driver is presumed at fault and must prove a lack of fault to avoid liability. He may do so by establishing that his vehicle was under control, that he closely observed the leading vehicle and followed at a safe distance under the circumstances. Chambers v. Graybiel, supra. When a motorist intends to make a right or left turn from the highway on which his vehicle is traveling, he shall give a signal of such intention. LSA-R.S. 32:104.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in the assessment of liability. The law of comparative negligence is applicable to situations involving automobile accidents. Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2d Cir.1986). The allocation of fault is a factual determination subject to the manifest error rule. Hundley v. Harper Truck Line, Inc., 28,613 (La.App.2d Cir.9/25/96), 681 So.2d 46.
In the present case, as the following motorist, the plaintiff was required to rebut the presumption of his fault in causing the accident. However, the plaintiff failed to present evidence that he kept his vehicle under control or that he closely observed the leading vehicle. Even if the trial judge believed plaintiff's statement *414 that Dison did not use a turn signal, the record does not provide a reasonable factual basis for the conclusion that plaintiff was without fault.
The testimony indicates that both vehicles were traveling in the same direction for some distance and that the weather was clear. The plaintiff did not state that his view of the road or of defendant's vehicle was obstructed. To the contrary, plaintiff testified that he observed the movements of Dison's vehicle, but did not attempt to apply his brakes in response.
Although Dison was making an improper turn, the fact that plaintiff failed to brake in a timely fashion demonstrates that either he was not maintaining a proper lookout or he was following too closely to react when Dison began turning. Thus, plaintiff failed to rebut the presumption of his fault with evidence that he adequately observed the leading vehicle and maintained a safe distance. Consequently, the trial court was clearly wrong in allocating 100% fault to Dison.
While we agree with the trial court that Dison was at fault in causing the accident, based on this record we conclude that the highest proportion of fault that the court could reasonably assess to Dison is 40%. Accordingly, the judgment will be amended to reduce the damage award to reflect the allocation of 60% fault to the plaintiff in causing the accident.

Penalties and Attorney Fees
In two assignments of error, the defendants contend the trial court erred in assessing penalties and attorney fees based on a finding that Farm Bureau arbitrarily failed to carry out loss adjustment proceedings and failed to provide plaintiff with alternative transportation. Defendants first argue that LSA-R.S. 22:658(A)(3) is not applicable to third party claims, and alternatively, that the insurer initiated loss adjustment of plaintiffs claim within the statutory time limit.
LSA-R.S. 22:658(A)(3) provides that the insurer shall initiate loss adjustment of a property damage claim within fourteen days after notification of loss by the claimant. Failure to comply with this provision shall subject the insurer to statutory penalties. This statute requires that the insurer take some substantive and affirmative step to accumulate the facts which are necessary to evaluate the claim. McClendon v. Economy Fire & Casualty Ins. Co., 98-1537 (La.App. 3rd Cir. 4/7/99), 732 So.2d 727. Section 22:658(A)(3) is penal in nature and must be strictly construed. Perkins v. Guaranty National Ins. Co., 95-229 (La.App. 3rd Cir. 11/2/95), 667 So.2d 559, writ denied, 96-0759 (La.5/31/96), 673 So.2d 1033.
Even if we assume that R.S. 22:658(A)(3) provides a right of action to a third party claimant, the law does not support the determination of the trial court. Contrary to the trial court's apparent interpretation of the statute as expressed in its written reasons for judgment, Section 22:658(A)(3) requires only that the insurer initiate the adjustment of a property damage claim within fourteen days after notice, not that the claim be completely resolved or paid within that time period.
William Tipton, a claims adjustor for Farm Bureau, testified that he had reviewed the police accident report and the property damage repair estimate and that he had visited the accident scene. In addition, Tipton obtained the recorded statement of Dison and spoke with the plaintiff concerning the accident within several days after receiving notice of his claim. Thus, the evidence shows that Farm Bureau took several affirmative and substantive steps to gather the facts necessary to evaluate plaintiffs claim. Based upon this record, we must conclude that the trial court was clearly wrong in finding that Farm Bureau failed to comply with the provisions of Section 22:658(A)(3). Therefore, the trial court's assessment of a $6,600 penalty against Farm Bureau shall be reversed.
*415 The defendants next contend the trial court erred in assessing penalties and attorney fees against Farm Bureau for the failure to provide plaintiff with alternative transportation. LSA-R.S. 22:658(B)(4) provides that when a third party claimant makes a property damage claim and is deprived of the use of his personal vehicle for more than five working days, the insurer shall pay for reasonable expenses incurred by the third party claimant in obtaining alternative transportation. Failure to make such payments within thirty days after receipt of adequate written proof and demand therefor, when such failure is arbitrary or capricious, shall subject the insurer to a penalty and reasonable attorney fees.
Here, the plaintiff testified that while his damaged vehicle was awaiting repair, he drove either his own pickup truck or his brother's truck. Plaintiff did not state that he incurred expenses in obtaining this alternative transportation. Nor did the plaintiff demand or submit written proof of any such expenses. Consequently, plaintiff failed to establish that Farm Bureau violated LSA-R.S. 22:658(B)(4). Thus, the trial court erred in assessing a penalty of $1,000 and attorney fees of $2,054 pursuant to the statute.

Property Damage Repair Cost
The defendants contend the trial court erred in relying on an estimate which was prepared ten months after the accident, and which stated that the damage to plaintiff's vehicle was $4,010. Defendants argue that the court should have relied on an estimate performed several weeks after the accident that more accurately indicated property damage of $2,247.
At trial, the parties stipulated that the cash value of plaintiff's automobile was $3,300. The trial court awarded plaintiff the full property value as damages, finding that his vehicle was a total loss due to the cost of repair. Although the defendants dispute the validity of the subsequent $4,010 estimate, they did not present evidence that any of the specific items of repair were inaccurate, inflated or the result of the length of time the vehicle sat idle. In addition, the original estimate on which the defendants rely included a notation that more extensive damage might be discovered upon closer inspection of the vehicle.
After reviewing the record, we cannot say the trial court erred in finding that the plaintiff's vehicle was a total loss and in awarding the full value of $3,300 as damages. As previously noted, this amount shall be reduced in proportion to the plaintiffs fault. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, that part of the trial court's judgment assessing penalties in the amount of $7,600, and awarding attorney fees of $2,054 is reversed. The judgment is amended to reduce the damage award to reflect the allocation of 60% fault to the plaintiff, and is affirmed as amended. Judgment is hereby rendered in favor of the plaintiff, Arthur Moore, for $1,320, an amount representing 40% of his damages. Costs of this appeal are assessed 60% to the appellee, Arthur Moore, and 40% to the appellants, Jacqueline Rowland, Robert Dison and Southern Farm Bureau Casualty Insurance Company.
REVERSED IN PART, AMENDED AND AFFIRMED AS AMENDED.
DREW, J., dissents with written reasons.
DREW, J., dissenting.
I believe the trial court, being in a far superior position to assess this matter than our appellate panel, essentially got this case right, and this majority opinion, though brilliantly written, appears to give *416 the trial judge no deference whatsoever. I respectfully dissent.