997 So.2d 675 (2008)
Antonio J. RISER and Yolanda Riser, Plaintiffs-Appellees
v.
SHELTER MUTUAL INSURANCE COMPANY and Alisa M. Jarrell, Defendants-Appellant.
No. 43,617-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2008.
*676 Hudson, Potts & Bernstein by Charles W. Herold, III, Johnny R. Huckabay, II, Monroe, for Appellant, Shelter Mutual Insurance Co.
William E. Armstrong, Monroe, for Appellees.
Before WILLIAMS, STEWART, CARAWAY, CARAWAY, PEATROSS and MOORE, JJ.
CARAWAY, J.
With the issue of liability stipulated in this traffic accident case, and medical damages awarded to the maximum of the insurance policy limits, plaintiffs further sought penalties and attorney's fees against the defendant/insurer for its failure to timely pay for the loss of plaintiffs' vehicle. Additionally, plaintiffs sought damages for the loss of use of the vehicle for the time between the accident and the date of trial. The trial court awarded penalties, attorney's fees and the loss of use damages, which are the subject of this appeal. Finding trial court error, we reverse the award of penalties and attorney's fees and reduce the award for loss of use of the vehicle.

*677 Facts

Antonio J. Riser and Alisa M. Jarrell were involved in an automobile accident on March 23, 2007. The damage to the Riser automobile caused a total loss, and the parties stipulated that Jarrell was entirely at fault in the accident. The vehicle driven by Jarrell was insured by Shelter Mutual Insurance Company ("Shelter").
Riser and his wife filed this petition for damages twenty-five days after the accident, on April 17, 2007. It alleged that Shelter had failed to make a written offer to settle the property damage claim within thirty days, and that statutory penalties should be imposed. The plaintiffs' $8,500 claim for the loss to the vehicle which they presented at trial was not specified in the petition.
Riser received medical treatment for accident related injuries from his family doctor. His total medical expenses were $4,148.33, and he missed a combined eighteen hours of work because of the accident. Because these facts and Riser's medical condition were stipulated at trial, Riser never testified. The trial court awarded the policy limit of $10,000 for the Risers' personal injury and consortium claims and medical expenses which are not the subject of this appeal.
The value of the totaled vehicle was contested at trial. Teddy R. Taylor, Jr. testified concerning his appraisal of the Risers' 1995 Pontiac. Plaintiffs' Exhibit P-8 consisted of Taylor's written appraisal dated July 18, 2007, estimating the vehicle's pre-accident retail value at $8,500. The estimate was based on the vehicle's "extra clean" condition "with a new top, no body damage, and no interior damage of any type," and Taylor's "polling of various used car managers." The vehicle's mileage was 154,148 miles.
Although Shelter offered no testimony, it was allowed to present the estimate of its appraiser in the form of an "automobile valuation summary" describing an actual cash value for the vehicle of $5,450. The same exhibit reflected a retail value for the car of $6,925 pursuant to the "N.A.D.A. Official Used Car Guide." Shelter's appraisal, which is otherwise undated, was mail-stamped "RECEIVED May 02, 2007 BATON ROUGE LA."
After hearing Taylor's testimony concerning the valuation, the trial court briefly heard argument on damages for loss of use which was alleged in plaintiffs' petition, as follows:

13.
Plaintiff has been deprived of the use of his vehicle for more than five working days and the defendants have failed to submit payment for the cost of alternative transportation as required by La. R.S. 22:658(B)(4) thereby making defendants liable for penalties of 50% of the amount found to be due or $1000.00 whichever is greater together with reasonable attorneys fees.
Counsel for the parties also entered the following stipulation on plaintiffs' damages for loss of use of the totaled vehicle:
MR. ARMSTRONG: We do have the other issue that we would stipulate for the record, I believe, and that is that Mr. Riser, if called to testify would testify that his vehicle has been inoperable from the date of this accident up until present for the purpose of loss of use.
THE COURT: Okay.
MR. ARMSTRONG: Would be from 3/23/07 to 9/20/07.
MR. HUCKABAY: I would stipulate to that, your Honor.
Near the close of trial, plaintiffs' counsel argued that if Shelter had tendered $5,481.50, the so-called "undisputed *678 amount" which the Risers had apparently rejected, this would have stopped the further accrual of loss of use damages by enabling them to obtain alternative transportation. Shelter argued that a rental vehicle was indeed furnished to plaintiffs for eight days, from April 5 through April 13, 2007, until its property damage offer was rejected. The Risers' counsel then reduced the loss of use claim from 177 days (date of the accident to the date of trial) to 169 days, based on Shelter's providing the rental car for eight days.
After ruling from the bench and awarding plaintiffs' $8,000 for the total loss to the vehicle, the trial court asked plaintiffs' counsel whether the plaintiffs actually rented a substitute vehicle. He responded that they did not. Thereafter, damages for loss of use were elaborated upon as follows:
MR. ARMSTRONG: When we rejected the $5,400, they said to turn the rental in or either you pay for it yourself.
MR. HUCKABAY: You pay for it yourself.
MR. ARMSTRONG: That's exactly right.
THE COURT: That's a different scenario.
MR. ARMSTRONG: Yes. Yes.
THE COURT: But, Shelter did not tender the $5,481.50?
MR. ARMSTRONG: Even after the suit was filed, they didn't tender cause they could have stopped it. Then they know the loss of use claim is running.
At the conclusion of trial, the trial court took the matter of damages for loss of use and the assessment of penalties and attorney's fees under advisement and ordered the parties to submit post-trial briefs. In written reasons, the trial court rendered judgment as follows:

1. Damages for totaled vehicle $8,000.00
2. Loss of use of automobile 2,339.10
3. Penalty under LSA-RS 22:658(A)(4) and
 (B)(1) 2,000.00
4. Attorney's fees 2,000.00

The trial court based its loss of use award on 90 days of car rental at $25.99/day or $2,339.10. It further reasoned that Shelter should have made a written offer to settle the property damage claim within thirty days after receipt of satisfactory proof of loss.
Judgment in conformity with the trial court's reasons was signed on February 7, 2008. Shelter suspensively appeals those portions of the judgment awarding damages for loss of use, penalties and attorney's fees.

Discussion
The Risers' claims for penalties and attorney's fees represents a third-party claim against the insurer, Shelter, since the Risers were not the insured parties to the contract. The pertinent provisions of our insurance law concerning the adjustment and payment of policy claims of third parties other than insureds are set forth in La. R.S. 22:658, as follows:
A. (2) All insurers issuing any type of contract ... shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, *679 within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.
La. R.S. 22:658 is penal in nature and must be strictly construed. Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). One who claims entitlement to penalties and attorney's fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. Reed v. State Farm Mut. Auto. Ins. Co., 03-0107 (La.10/21/03), 857 So.2d 1012, citing Calogero v. Safeway Ins. Co. of La., 99-1625 (La.1/19/00), 753 So.2d 170. The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." Both La. R.S. 22:658 and 22:1220 describe an insurer whose willful refusal of a claim is not based on a good faith defense. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La.1993); Lewis v. State Farm Ins. Co., 41,527 (La.App. 2d Cir. 12/27/06), 946 So.2d 708. An insurer has no duty to make an unconditional payment to a third party under La. R.S. 22:658. Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254.
At the trial of this case, neither the plaintiffs nor representatives of Shelter testified. Therefore, any disputed values for the vehicle which they discussed before the filing of suit or thereafter are never shown in the record. Although the parties understood after the accident that the vehicle was a total loss, with Shelter furnishing a rental car for eight days, there is no documentary evidence shown to have been exchanged between the parties immediately after the accident evidencing any disagreement over the value of the car. From the appraisal evidence presented by both sides, Shelter appears to have determined its value for the car in May, 2007, with the Risers receiving Taylor's appraisal in July. In the meantime, the suit had already been filed twenty-five days after the accident, on April 17, 2007, with plaintiffs making the impossible allegation that Shelter had "failed to make a written offer to settle plaintiff's property damage claim within 30 days as required by La. R.S. 22:658 B(1)."
The language of La. R.S. 22:658(A)(4) and (B)(1), envisions both a "satisfactory proof of loss" given by the third party claimant and "a written offer to settle" by the insurer in response. We do not find from the meager evidence in the record that the predicate for the claimed penalties and attorney's fees was ever attempted by the Risers in the form of their presentation of satisfactory proof of loss to Shelter. Before their institution of suit, plaintiffs also did not allow the requisite thirty day period of this penal statute to accrue. Moreover, to the extent that we may assume that the parties' differences over the car's value, totaling approximately $3,000, were communicated at some unidentified point in time, we do not find that Shelter's settlement offer for the payment of $5,481.50 for this twelve-year-old vehicle with 154,148 miles was arbitrary, capricious, *680 or without probable cause. Accordingly, we agree with Shelter's assignment of error that the award of penalties and attorney's fees was improper.
Citing prior jurisprudence of this court, Shelter further asserts as trial court error that the award of loss of use of the vehicle should not extend beyond a thirty-day rental value when the vehicle is a total loss. Neloms v. Empire Fire & Marine Ins. Co., 37,786 (La.App. 2d Cir.10/16/03), 859 So.2d 225; Williams v. Louisiana Indem. Co., 26,887 (La.App. 2d Cir.6/21/95), 658 So.2d 739; Bonner v. Louisiana Indem. Co., 607 So.2d 915 (La.App. 2d Cir. 1992); Prothro v. Dillahunty, 488 So.2d 1163 (La.App. 2d Cir.1986). Those cases indicate that the plaintiff should be able to obtain a replacement vehicle within thirty days under most circumstances. Shelter therefore asserts that the $2,339.10 award for loss of use should be reduced to $571.78, representing twenty-two additional days of rental expense, which it concedes that it owes.
Regarding the insurer's obligation to pay the third party claimant for the loss of use of the vehicle, La. R.S. 22:658(B)(4) provides:
(4) Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant's loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to, in addition to the amount of such reasonable expenses incurred, a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater together with reasonable attorneys fees for the collection of such expense.
Interpreting this provision in Moore v. Rowland, 32,644 (La.App. 2d Cir.3/01/00), 753 So.2d 411, this court reversed an award of penalties and attorney's fees by the trial court, finding that the plaintiff/owner of the damaged vehicle had admitted that he used another vehicle during the period of repair. Accordingly, the court found that the plaintiff had not "incurred" expenses for obtaining alternative transportation as specified by the statute.
In response to a question by the trial court, Risers' counsel admitted the Risers had also not incurred any rental expense for alternative transportation in this case. Plaintiffs likewise offered no testimony of any financial inability on their part or other circumstances preventing them from obtaining alternative transportation or otherwise causing them a loss. Accordingly, while the judgment award of loss of use of the vehicle might be reduced altogether, we will amend the judgment to an award of $571.78 in keeping with Shelter's concession in its brief.

Conclusion
For the above reasons, that portion of the trial court judgment awarding penalties and attorney's fees is reversed; the judgment awarding damages for loss of use is amended to award plaintiffs $571.78. Costs of this appeal are assessed to appellees.
*681 REVERSED IN PART AND AMENDED IN PART.
STEWART, J., dissents with written reasons.
STEWART, J., dissenting.
Because I find no error in the trial court's judgment in this matter, I dissent from the majority's reversal of the award of penalties and attorney's fees and amendment of the damages for loss of use.
It is undisputed that Shelter Mutual Insurance Company ("Shelter") made a verbal offer to settle the property damage. However, La. R.S. 22:658(A)(4) mandates that insurers make a written offer to settle a third party property damage claim within thirty days after receipt of satisfactory proof of loss. No particular form is required to show satisfactory proof of loss. Riverland Oil Mill, Inc. v. Underwriters for Lloyd's, New York, 368 So.2d 156 (La. App. 2d Cir.1979), writ denied, 369 So.2d 1365 (La.1979). Satisfactory proof of loss simply means that the insurer has knowledge of the facts of the claim and the extent of damage. Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La.App. 2d Cir.9/22/99), 742 So.2d 746. There is no dispute over the fact that Shelter had satisfactory proof of loss and that it failed to make the required written offer to settle the property damage claim.
When the failure to make a written offer to settle after receipt of satisfactory proof of loss is found to be arbitrary, capricious, or without probable cause, the insurer shall be subject to payment of a penalty and attorney fees as provided in La. R.S. 22:658(B)(1). The record provides no excuse for Shelter's not having made a written offer to settle the property damage claim. The facts of the claim were known and liability was not at issue. Shelter had no good faith defense to the property damage claim. Moreover, nothing in the statute precludes an insurer making the required offer even after a suit is filed. For these reasons, I would find no error in the trial court's imposition of the penalty and attorney fees.
With regard to the amount of attorney fees awarded, the trial court's reasons for judgment show that it considered the amount of work done as reflected in the record and then reduced the amount sought by counsel. I would find the attorney fees awarded to be reasonable.
I also would find no error in the trial court's award for 90 days loss of use of the Risers' vehicle. The trial court rejected the total loss of use damages sought by the Risers. I cannot say that its ultimate determination was manifestly erroneous or unreasonable in light of the record. As pointed out in the majority opinion, this court has recognized that awards for loss of use should not extend beyond a thirty-day rental value, but I would not interpret the prior opinions as establishing a bright-line rule.